IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


THOMAS A. WISE, JR.                                                    Plaintiff

v.                                        4:05CV00677 WRW/HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                               Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Thomas A. Wise, Jr., has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d

185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on seizures, dizziness, headaches, a short attention span and problems with confusion and short term memory. (Tr. 126) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported

by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge [1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through February 25, 2005, the date of his decision.  (Tr. 32)  On April 18, 2005, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6)  Plaintiff then filed his complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 35 years old at the time of the ALJ's decision. (Tr. 18)  He completed the ninth grade in school.  (Tr. 132, 290)  He has no past relevant work.  (Tr. 18, 30, 32)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i) (2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id. at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. at § 404.1520(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits

---

[1]The Hon. Donald R. Rebsamen.

a claimant's ability to perform basic work activities.   Id. at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.   Id., § 404.1520(a)(iii).   If so, and the duration requirement is met, benefits are awarded.   Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.   Id., § 404.1520(4). This residual functional capacity assessment is utilized at Steps 4 and 5.   Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.   Id., § 404.1520(4)(iv).   If so, benefits are denied.   Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.   Id., § 404.1520(4)(v).   If so, benefits are denied; if not, benefits are awarded.   Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 17, 2002.[2]   (Tr. 31)   He found that Plaintiff had "severe" impairments, a seizure disorder and cognitive disorder, not otherwise specified, but that he did not have an impairment or combination of impairments that met or equaled a Listing.   Id.   He judged that Plaintiff's allegations regarding his limitations were not totally credible.   Id.

The ALJ found that Plaintiff retained the residual functional

_____

[2]Plaintiff's protective filing date.   (Tr. 66)

capacity for a full range of unskilled work. (Tr. 29, 32) He found that Plaintiff had no past relevant work. (Tr. 32) The ALJ correctly noted that, once it was determined that Plaintiff had no past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work. (Tr. 30)

Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, laundry worker/linen room attendant and janitor/clean up worker. (Tr. 31, 32) Consequently, the ALJ concluded that Plaintiff was not disabled. (Tr. 32)

Plaintiff contends that there was not substantial evidence to support a finding by the ALJ that disregarded a consultative psychologist's opinion that he was markedly impaired in his ability to withstand the stress and changes associated with an eight-hour workday. (Br. 7-8) Robin Rhodes Campbell, Ph.D., evaluated Plaintiff in January of 2004. (Tr. 227-32) Her report indicated, in pertinent part:

> Based on the current findings, the claimant should have no impairment in understanding, remembering, and carrying out short, simple instructions. In addition, his ability to understand, remember, and carry out detailed instructions is moderately impaired. The claimant is unimpaired in his ability to make judgments on simple work-related decisions. His ability to make more complex decisions may be moderately to markedly impaired. He should have no difficulty in relating appropriately to the public, supervisors, and coworkers. The claimant's ability to withstand the stress and changes associated with an eight-

hour workday and day-to-day work activities is markedly
impaired.

(Tr. 231)

The ALJ noted Dr. Campbell's remark concerning Plaintiff's
marked impairment in his ability to tolerate work stressors, but
concluded it was inconsistent with the rest of her report and
contradicted by the opinion of Plaintiff's treating psychiatrist in
2002.  (Tr. 27-28)  He also noted that when Dr. Campbell was
telephonically contacted by a Disability Determination Services
physician, she expressed the definite opinion that Plaintiff had the
ability to perform simple repetitive tasks in a work environment.
(Tr. 27)  The report of that telephonic contact is a part of the
record.  (Tr. 78)  It noted, "She will fax in a clarification to her
report."  Id.  Plaintiff challenges the report of telephonic contact
as hearsay.  (Br. 8)  "[S]trict rules of evidence, applicable in the
courtroom, are not to operate at Social Security hearings so as to
bar the admission of evidence otherwise pertinent[.]"  Richardson v.
Perales, 402 U.S. 389, 400 (1971).

Plaintiff contends that there is no such clarification in the
record.  (Br. 8)  Defendant points out that there is such a
clarification in the record.  (Defendant's Br. at 4)  She contends
that Dr. Campbell submitted an unsigned facsimile explaining her
findings.  Id.  The following explanation is, indeed, in the record:

> Claimant has sufficient retained understanding and memory
> to perform one and two step work tasks.  Claimant also has
> adequate pace and persistence to sustain one and two step
> work tasks for a normal workday and workweek.  Claimant can
> relate in an appropriate socially effective manner with
> coworkers and supervisors, as well as with the general
> public.  Claimant can adapt appropriately to a variety of

work settings and changes in them.
(Tr. 79)

It was not signed, however.  "In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return."  20 C.F.R. § 404.1512(e)(1) (2004).  Technically, the telephonic contact should have been sent to Dr. Campbell for review, signature and return. However, that would be placing form over substance.  Even without the clarification, Dr. Campbell's report indicates that Plaintiff was capable of work.  Plaintiff points to no case, and the Court has been unable to find one, that indicates that, under similar circumstances, reversal is called for.

Assuming, for the sake of argument, that Dr. Campbell's report indicated that Plaintiff was incapable of work, Denise Dittemore, M.D., Plaintiff's treating psychiatrist in 2002, was of the opinion that he could work.  On July 1, 2002, she noted that Plaintiff was responding to Zoloft at the current dosage, was motivated to return to work[3] and should continue his pre-employment class.  (Tr. 204)  The trier of fact has the duty to resolve conflicting medical evidence. Richardson v. Perales, 402 U.S. 389, 399 (1971); Vandenboom v. Barnhart, 412 F.3d 924, 928 (8th Cir. 2005).  The report of a consulting physician who examined the claimant once does not constitute substantial evidence upon the record as a whole,

---

[3]Even though the ALJ found that Plaintiff had no past relevant work, Plaintiff testified that he had "worked a lot," but more for "cash under the table" than a regular job.  (Tr. 296)  He testified that he worked for a casino, a roofing company and a restaurant.  Id.

7

especially when contradicted by the claimant's treating physician. <u>Henderson v. Sullivan</u>, 930 F.2d 19, 21 (8th Cir. 1991). The ALJ properly relied on the opinion of Plaintiff's treating psychiatrist.

Plaintiff also argues that the ALJ failed to give proper credence to his depression. (Br. 8-9) The ALJ found that Plaintiff's depressive symptoms did not meet the durational requirement. (Tr. 20) He also noted that those symptoms responded well to treatment. <u>Id.</u> "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Plaintiff notes documentation of his depression from February 28, 2002, through January 7, 2003. (Br. 9) Obviously, that is less than twelve months. In addition, the record shows treatment only from February 28, 2002, through August 5, 2002. (Tr. 201) The ALJ properly found that Plaintiff's depressive symptoms did not meet the durational requirement of the Act.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. <u>E.g.</u>, <u>Mapes v. Chater</u>, 82 F.3d 259, 262 (8th Cir. 1996); <u>Pratt v. Sullivan</u>, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion"

of the ALJ in this case.  <u>Richardson v. Perales</u>, 402 U.S. at 401; <u>see also</u> <u>Reutter v. Barnhart</u>, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 5th day of September, 2006.


_Henry L. Jones, Jr._
UNITED STATES MAGISTRATE JUDGE